DOUGLAS CARSTEN, State Bar No. 198467
(dcarsten@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI P.C.
12235 El Camino Real, Suite 200
San Diego, California 92130
Telephone: 858.350.2300
Fax: 858.350.2399

RYAN R. SMITH, State Bar No. 229323
(rsmith@wsgr.com)
ALYSSA N. KNUTSON, State Bar No. 267107
(Aknutson@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, California 94304
Telephone: 650.493.9300
Fax: 650.565.5100

Attorneys for Plaintiff IPS Group, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| IPS GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTEGRITY CORPORATION., a foreign corporation,<br><br>Defendant. | CASE NO. **'14 CV0075 BEN KSC**<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY<br><br>**JURY TRIAL DEMANDED** |

Plaintiff IPS Group, Inc. ("IPS Group" or "Plaintiff"), for its Complaint against Defendant Protegrity Corporation ("Protegrity" or "Defendant"), alleges as follows:

## THE PARTIES

1.      Plaintiff IPS Group is a California corporation with its principal place of business and corporate headquarters at 5601 Oberlin Drive, Suite 100, San Diego, California 92121.

2.      Upon information and belief, Defendant Protegrity is a Cayman Islands corporation having a mailing address of P.O. Box 309, Ugland House, South Church Street, Grand Cayman, Cayman Islands.

## JURISDICTION AND VENUE

3.      This is an action for a declaratory judgment of patent non-infringement and invalidity.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves a claim arising under the patent laws of the United States, 35 U.S.C. §§ 101, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C.  §§ 2201 and 2202.

4.      This Court has personal jurisdiction over Defendant by virtue of Defendant's activities within this District.  Upon information and belief, Defendant, including through its principal operating subsidiary in the United States, Protegrity USA, Inc., offers products and services within this District, and specifically targets its activities to residents of this District.

5.      Furthermore, the claims herein arise from Defendant's intentional sending of correspondence to IPS Group in this district.  Because Defendant has availed itself of the privileges of conducting activities in this District, it is subject to personal jurisdiction in this district.  Given that IPS Group is headquartered in San Diego, this District and the State of California clearly has a sufficient interest in resolving this dispute.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) because, *inter alia*, Defendant is subject to personal jurisdiction in this District, the Plaintiff IPS Group is headquartered in this District, a substantial part of the alleged events or omissions giving rise to the claim occurred in this District and key witnesses reside in this District.

## FACTUAL BACKGROUND

7.      San Diego-based IPS Group is a design, engineering, and manufacturing company focused on low power wireless communications and parking technologies.  IPS Group manufactures locally and has been delivering world-class solutions to the telecommunications and parking industries for over 19 years.  The company is best known for its patented credit card enabled, solar powered single-space parking meter and web-based management system.

8.      Defendant has asserted that it is the owner of U.S. Patent Nos. 6,321,201 and 8,402,281.

9.      U.S. Patent No. 6,321,201 ("the '201 Patent") is entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on a Data Element Value Level." According to the face of the '201 Patent, it issued on November 20, 2001.  A copy of the '201 Patent is attached hereto as **Exhibit 1**.

10.      U.S. Patent No. 8,402,281 ("the '281 Patent") is entitled "Data Security System for a Database."  According to the face of the '281 Patent, it issued on March 19, 2013.  A copy of the '281 Patent is attached hereto as **Exhibit 2**.

11.      Through correspondence to IPS Group dated October 22, 2013 ("October 22, 2013 Letter") and having a Re: line of "Infringement of Protegrity Patent Portfolio," Defendant's "litigation patent counsel" asserted that Defendant believes that IPS Group's systems infringe the '201 Patent and the '281 Patent.  A copy of the October 22, 2013 Letter is attached hereto as **Exhibit 3**.

12.      On October 30, 2013, counsel for IPS Group responded to Defendant's October 22, 2013 Letter, asking for Defendant to identify any component of any IPS product that Defendant contends infringes Protegrity's patents and provide an explanation for its belief that the IPS products are potentially infringing ("October 30, 2013 Letter").  In a spirit of cooperation, counsel for IPS Group further requested the parties engage in a confidentiality agreement so that IPS could share the materials requested by Defendant.  A copy of the October 30, 2013 Letter is attached hereto as **Exhibit 4**.

13.     IPS Group is informed and believes, and thereupon alleges, that over a period from April 25, 2008 until October 23, 2013, Defendant has sued at least 15 companies for alleged patent infringement.  Defendant has frequently asserted the '201 Patent and the '281 Patent during this litigation campaign.

14.     IPS Group does not agree with Defendant's assertion that IPS Group's products or services infringe the '201 Patent and the '281 Patent.  Indeed, IPS Group's products and services do not infringe any valid claim of the '201 Patent or the '281 Patent.

15.     By reason of the foregoing, an actual controversy exists between IPS Group and Defendant regarding whether IPS Group's products and services infringe any valid claim of the '201 Patent and the '281 Patent.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 6,321,201)

16.     IPS Group repeats and realleges the allegations of paragraphs 1 through 15 of this Complaint as through fully set forth herein.

17.     IPS Group has a reasonable apprehension that Protegrity will file a lawsuit against IPS Group alleging infringement of the '201 Patent.

18.     IPS Group has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any valid claim of the '201 Patent.

19.     Accordingly, a valid and justiciable controversy has arisen and exists between IPS Group and Defendant.  IPS Group desires a judicial determination and declaration of the respective rights of the duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Noninfringement U.S. Patent No. 8,402,281)

20.     IPS Group repeats and realleges the allegations of paragraphs 1 through 15 of this Complaint as through fully set forth herein.

21.     IPS Group has a reasonable apprehension that Protegrity will file a lawsuit against IPS Group alleging infringement of the '281 Patent.

22.     IPS Group has not infringed, has not willfully infringed, is not now infringing, has not contributorily infringed, and has not induced infringement of any valid claim of the '281 Patent.

23.     Accordingly, a valid and justiciable controversy has arisen and exists between IPS Group and Defendant.  IPS Group desires a judicial determination and declaration of the respective rights of the duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of Invalidity U.S. Patent No. 6,321,201)

24.     IPS Group repeats and realleges the allegations of paragraphs 1 through 15 of this Complaint as through fully set forth herein.

25.     IPS Group contends that the '201 Patent is invalid because it fails to satisfy one or more conditions and requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103 and/or 112.

26.     Accordingly, a valid and justiciable controversy has arisen and exists between IPS Group and Defendant.  IPS Group desires a judicial determination and declaration of the respective rights of the duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity U.S. Patent No. 8,402,281)

27.     IPS Group repeats and realleges the allegations of paragraphs 1 through 15 of this Complaint as through fully set forth herein.

28.     IPS Group contends that the '281 Patent is invalid because it fails to satisfy one or more conditions and requirements for patentability as set forth, *inter alia*, in 35 U.S.C. §§ 101, 102, 103 and/or 112.

29.     Accordingly, a valid and justiciable controversy has arisen and exists between IPS Group and Defendant.  IPS Group desires a judicial determination and declaration of the respective rights of the duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff IPS Group requests entry of judgment in its favor and against defendant Protegrity as follows:

a.     Declaring that IPS Group has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claims of the '201 Patent and '281 Patent;

b.     Declaring that the '201 Patent and '281 Patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112;

c.     Enjoining Defendant, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from representing or implying that IPS Group has unlawfully infringed or is unlawfully infringing the '201 Patent and '281 Patent;

d.     Enjoining Defendant, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of IPS Group to make, use or sell the products that allegedly infringe the '201 Patent and '281 Patent; and

///

///

///

1    e.    Granting such other and further relief as this Court may deem just and

2  appropriate.

3  Dated:  January 10, 2014                WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation
4

5
                                           By:   s/ Douglas Carsten
6                                                Douglas Carsten

7                                          Attorneys for Plaintiff IPS Group, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff IPS Group, Inc.

3   demands a trial by jury of this action.

4   Dated:  January 10, 2014                 WILSON SONSINI GOODRICH & ROSATI
                                             Professional Corporation
5

6
                                            By:   s/ Douglas Carsten
7                                                 Douglas Carsten

8                                            Attorneys for Plaintiff IPS Group, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF EXHIBITS**

| Exhibit | Page(s) |
|---------|---------|
| 1 | 3 |
| 2 | 3 |
| 3 | 3 |
| 4 | 3 |